United States District Court
Middle District of Florida
Jacksonville Division

**IATRICE EDWARDS, INDIVIDUALLY AND ON
BEHALF OF ALL OTHERS SIMILARLY SITUATED,**

    *Plaintiffs,*

v.                                                                                                                No. 3:18-cv-637-J-PDB

**CIS SERVICES, LLC, ETC.,**

    *Defendants.*

## Order

The parties jointly move for approval of their settlement under *Lynn's Food Stores, Inc. v. U.S. by & through U.S. Dep't of Labor*, 679 F.2d 1350, 1354 (11th Cir. 1982), dismissal of the case with prejudice, and entry of a final judgment using language provided by the parties. Doc. 213.

Having carefully considered the facts and the issues as the judge in a related case, *see Lockwood v. CIS Servs., LLC, etc.*, No. 3:16-cv-965, and at two settlement conferences in this case, Docs. 186, 205, 206, and having reviewed the motion, Doc. 213, and the settlement agreement, Doc. 213-1, the undersigned finds the settlement is a fair and reasonable resolution of bona fide disputes, including disputes described in the defendants' motion for partial summary judgment, *see* Doc. 202.* The Court

---

*To maintain a FLSA collective action, plaintiffs must show they are "similarly situated." *Hipp v. Liberty Nat'l Life Ins. Co.*, 252 F.3d 1208, 1217 (11th Cir. 2001). When a FLSA case is brought as a collective action, the Eleventh Circuit has suggested a two-stage approach, to be used in a court's discretion: a notice stage (also known as a "conditional certification" stage) during which a court may conditionally certify a class of people to receive notice of the lawsuit and an opportunity to consent to join as plaintiffs, and a later stage (also known as "final certification" stage)—typically precipitated by a motion for decertification by the defendant—during which a court may decide the case should not be maintained as a collective action because of lack of similarity. *Anderson v. Cagle's, Inc.*, 488 F.3d 945, 952–53 (11th Cir. 2007).

further finds the attorney's fees—negotiated without regard to the amounts to the plaintiffs—are reasonable and the proposed payment to Iatrice Edwards is appropriate.

The parties do not ask the Court to retain jurisdiction in the motion, but retaining jurisdiction is a provision in both the agreement and the individual waiver for each plaintiff and is included in the proposed final judgment. Doc. 213-1 at 7, 10, 18, 22. They provide no rationale for retaining jurisdiction indefinitely, and none is apparent. But retaining jurisdiction for a definite period is warranted given the many plaintiffs and the length of the payment schedule. Considering the payment schedule and adding some time to address any unforeseeable issues, the Court retains jurisdiction to enforce the terms of the settlement agreement until **December 31, 2021**.

The Court **grants in part** the motion, Doc. 213; **approves** the settlement but limits the retention of jurisdiction to enforce the settlement agreement to December 31, 2021; and **directs** the clerk to enter final judgment that states (in substantially the same form as requested by the parties, *see* Doc. 213 at 6, Doc. 213-1 at 21–22):

> Whereas, the original plaintiff, Iatrice Edwards (individually and on behalf of each person who has filed a consent to join the action as a plaintiff and who has not voluntarily dismissed his or her claim), and the defendants CIS Services, LLC; CIS Claims Services, LLC; CIS Group of Companies, LLC; CIS Group, LLC; and Michael E. Stanley

---

In deciding whether a settlement is fair and reasonable, no binding precedent requires different treatment of a FLSA collective action and a FLSA individual action. Some district courts will consider final certification (i.e. whether the plaintiffs are similarly situated), while other district courts deem such consideration unnecessary. *Compare, e.g., Ruddell v. Manfre*, No. 3:14-cv-873-J-34MCR, 2015 WL 7252947, at *1–3 (M.D. Fla. Nov. 17, 2015) (unpublished) (deeming consideration of final certification necessary), *with Campbell v. Pincher's Beach Bar Grill Inc.*, No. 2:15-cv-695-FtM-99MRM, 2017 WL 3700629, at *1–2 (M.D. Fla. Aug. 24, 2017) (unpublished), *report and recommendation adopted*, 2017 WL 3668889 (deeming consideration of final certification unnecessary).

The Court previously granted the plaintiffs' motion for conditional certification. Doc. 91. The defendants filed a motion to decertify the action, Doc. 201, but the parties settled the case before the Court decided the motion. Neither side asks the Court to make any findings about final certification, and none appear necessary for approval of the settlement.

have entered into a settlement agreement and release that settles all claims pertaining to the alleged failure to pay overtime wages to Edwards and the consent plaintiffs;

Whereas, the Court has reviewed the settlement agreement and release and has found the terms are fair, reasonable and adequate;

Whereas, the Court has approved the settlement agreement and release; and

Whereas, under the settlement agreement and release, Edwards and the consent plaintiffs who have signed an individual waiver and release are conclusively deemed to have released any "Released Claims" against the "Released Parties" as defined in the settlement agreement and release;

Now, therefore, this Court enters judgment and dismisses this action with prejudice under the settlement agreement and release and order approving the settlement and establishing attorney's fees and costs.

The Court permanently enjoins and restrains all individuals who have signed an individual waiver and release from asserting any claims released under the settlement agreement and release.

Without affecting the finality of this judgment, the Court reserves jurisdiction over this action, Edwards, the consent plaintiffs, and the defendants until December 31, 2021, to supervise the implementation, enforcement, construction, and interpretation of the settlement agreement and release.

**Ordered** in Jacksonville, Florida, on June 19, 2020.

_____
PATRICIA D. BARKSDALE
*United States Magistrate Judge*

c:   Counsel of Record